**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

PEGGY JOHNSON

        Plaintiff

    v.

JOHN POTTER,
*Postmaster General*

        Defendant

:
:
:              Civil Case No. L-09-319
:
:
:

o0o
**<u>MEMORANDUM</u>**

This case asks the Court to enforce a settlement agreement entered into by the Plaintiff and an agency of the United States Government. Because subject matter jurisdiction over such an action is exclusive to the Court of Federal Claims, the Court will, by separate Order, TRANSFER the action to that tribunal.

## I.    BACKGROUND

On February 11, 2009, Plaintiff Peggy Johnson filed this action alleging breach of an agreement entered into with the United States Postal Service ("Postal Service") in settlement of certain Title VII claims that Johnson had previously lodged. Pursuant to the settlement agreement, the parties had agreed that Johnson would retire from the Postal Service, and the Postal Service would, in turn, fund Johnson's retirement account as though she had been granted the promotion that her Title VII suit alleged she had been improperly denied. Johnson claimed that the Postal Service had failed to live up to its end of the bargain by contributing less to her retirement account than the terms of the settlement agreement dictated.

Shortly after the action was filed, the parties entered into good-faith negotiations to resolve the dispute. The Postal Service admitted to breaching the settlement agreement and deposited into Johnson's retirement account certain additional funds that it acknowledged she was due. Disagreement remained, however, as to whether the settlement agreement required the Postal Service to make still higher contributions, based on an unstated assumption that Johnson still would have received annual merit increases to her salary had she been granted her promotion. Both parties moved for summary judgment on this issue and, after full briefing and an oral hearing, the Court ruled in favor of the Postal Service on May 3, 2011. See Docket No. 43. The Court found that the terms of the settlement agreement were unambiguous in specifying the theoretical higher salary on which the Postal Service's contributions were to be calculated, and that no provision had been made to include additional merit increases.

On May 9, 2011, Johnson filed a second Motion for Summary Judgment, this time seeking compensatory damages and attorneys' fees. In Johnson's view, the fact that the Postal Service refused to rectify its breach until she filed the instant suit entitles her to an award of damages caused by the breach, as well as attorneys' fees and costs. See Docket No. 44.

On June 15, 2011 the Postal Service filed its Response in Opposition to Johnson's motion and raised, more than two years after the filing of the Complaint, objections to the Court's subject matter jurisdiction. The Postal Service asserted, for the first time in the course of the litigation, that Eleventh Amendment immunity precluded suit and required the dismissal of Johnson's claims.

## II.    LEGAL STANDARD

Federal courts are courts of limited jurisdiction, constrained to exercise only the authority conferred by Article III of the Constitution and affirmatively granted by federal statute.  In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998).  A federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceedings and to dismiss if no such ground appears.  Id.; Fed. R. Civ. P. 12(b)(3).  Litigants in federal courts have a corresponding right to challenge subject matter jurisdiction at any time.  Id.

## III.    ANALYSIS

"The United States, as sovereign, is immune from suit save as it consents to be sued . . . ."  United States v. Sherwood, 312 U.S. 584, 586 (1941).  Congress has waived sovereign immunity in Title VII suits in which the federal government is the employer.  42 U.S.C. § 2000e-16(d).  This statutory waiver does not, however, expressly extend to monetary claims against the government for breach of a settlement agreement that resolves a Title VII dispute.  Frahm v. United States, 492 F.3d 258, 262 (4th Cir. 2007).  See also Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994) (holding that a settlement agreement is an independent claim requiring its own basis for jurisdiction).

The Tucker Act, 28 U.S.C. § 1491, grants the Court of Federal Claims sole "jurisdiction to render judgment upon any claim against the United States founded . . . upon any express or implied contract with the United States" in excess of $10,000.  Several federal courts have determined that the Court of Federal Claims is the proper forum for actions alleging breach of a settlement agreement arising from a Title VII suit.  See Green v. Winter, No. 08-5938, 2009 WL 2007052 at *2 n. 3 (E.D. Pa. July 7, 2009) (citing cases).

The Defendant in this case is John Potter, sued in his official capacity as Postmaster General, and thus the suit is a "claim against the United States." 28 U.S.C. § 1491(a)(1). Johnson's Complaint seeks in excess of $10,000, and indeed the Postal Service has already conceded liability for more than that amount. The Court of Federal Claims is, therefore, the appropriate forum for litigation of this action.

The Postal Service cites the case of Speed v. United States, 97 Fed. Cl. 58 (2011), for the proposition that the Court of Federal Claims lacks jurisdiction over claims, such as this one, for specific performance of the settlement agreement. Specific performance is one of the two remedies available under EEOC regulations in cases in which the plaintiff alleges breach of a Title VII settlement agreement by a government agency. Reinstatement of the Title VII claim is the other. See 29 C.F.R § 1614.504.

The Postal Service's argument is unavailing because, as the Speed court made clear, "[a]llegations of a contract with the government and breach of that contract can suffice for [jurisdiction under the Tucker Act], so long as monetary relief is sought." Id. at 64. Moreover, the court found that Speed's breach-of-contract claim was indeed within its jurisdiction to the extent that it presented a claim for "actual, presently due-money [sic] damages from the United States," even though the contract itself did not contain a "money-mandating requirement" in case of breach. Id. at 68 (quoting United States v. King, 395 U.S. 1, 3 (1969). The court declined jurisdiction over Speed's request that it order specific performance of the Government's promise to allow her a reasonable opportunity to complete certain prerequisites for reinstatement. Id. The instant case is distinguishable from Speed because Johnson seeks "specific performance" only insofar as she demands monetary payment explicitly called for by the terms of the contract.

It is true that, in addition to her claim for money damages, Johnson's Complaint originally sought rescission of the settlement agreement and reinstatement to her prior position. Such a result could flow from reinstatement of Johnson's Title VII complaint, the other remedy expressly permitted by 29 C.F.R § 1614.504. With the Postal Service's admission of breach and subsequent remediation, however, it became clear that this case concerns only money damages and not any form of equitable relief. There is no indication that Johnson is still pursuing an alternative demand of rescission. Thus there is little danger that the Court of Federal Claims will decline exercise of jurisdiction. See Hansson v. Norton, 411 F.3d 213, 237 (D.C. Cir. 2005) ("[w]e are unaware of any case in which the Court of Federal Claims has denied jurisdiction over an action to enforce a Title VII settlement agreement in which only money relief is sought."). Cf. Westover v. United States, 71 Fed. Cl. 635, 641 (2006) (transferring case to district court because "what the plaintiff is actually seeking, despite claiming over $600,000.00 in damages, is reinstatement of his Title VII claim, an equitable remedy without monetary value").

The final matter is to determine the effect of today's decision on the Court's prior ruling awarding partial summary judgment to the Postal Service. Because the Court lacked subject matter jurisdiction at the time of Johnson's first Motion for Summary Judgment, its ruling on that motion must be vacated. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 76 (1996) ("[I]f, at the end of the day and case, a jurisdictional defect remains uncured, the judgment must be vacated."). The power of a district court to vacate a judgment under Federal Rule of Civil Procedure 60(b), which allows relief from a final judgment "on motion and just terms," rests within the court's equitable powers.[1] See Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 898 (4th Cir. 1987) (Haynsworth, J., concurring). Rule 60(b)(4), which addresses cases in which the judgment is

_____

[1]     Though Johnson does not explicitly move under Rule 60, she does request vacatur of the Court's prior order on jurisdictional grounds. See Pl.'s Reply 6, Docket No. 48.

"void," is satisfied if the court rendering the decision lacked personal or subject matter jurisdiction. <u>Wendt v. Leonard</u>, 431 F.3d 410, 412 (4th Cir. 2005).


**IV.    CONCLUSION**

For the foregoing reasons, the Court will, by separate Order of even date:

1.  VACATE its previous award of partial summary judgment (Docket No. 43), and

2.  TRANSFER the case to the Court of Federal Claims pursuant to 28 U.S.C. § 1361.

Dated this 7th day of November, 2011

/s/
_____
Benson Everett Legg
United States District Judge